FOURNET, Justice.
 

 Dr. T. E. Williams, the joint owner with his former wife, Mrs. Effie M. Williams, of certain property located in the city of Shreveport, Louisiana, and designated as Lots Nos. 9, 10, 11, 12, 13, and 14 of Block No. 12, having a frontage of 240 feet on Crockett street at the corner of Louisiana avenue, instituted these proceedings to have the property and the improvements-thereon partitioned. He is appealing from a judgment condemning him to pay to the defendant (Mrs. Williams) the sum of $5,812.50 to equalize the difference between values of the portions allotted to him and her, respectively, it being his contention that' this amount is excessive and should be reduced to $3,468.75.
 

 The plaintiff originally sued to have the property partitioned by licitation, but, after evidence was adduced, he amended his petition to conform with the prayer of defendant’s answer that the petition be in kind. Judgment was rendered accordingly and the matter of partitioning the property was referred to the clerk of court, with the stipulation that he be assisted by the experts T. S. Neal and J. K. Walker. In their report these experts placed a valuation of $312.50 a front foot on the property, or $75,000 for the entire property. The improvements on the property were valued at $2,250 and the report stipulated “That in order to make an equitable division of this property, so that the future development will not be impaired, we are of the opinion that Lot 9 and the adjoining Half of Lot 10, making first 60 feet
 
 *36
 
 on the corner of Louisiana Avenue and Crockett Street, is worth in value 25 per cent more than the inside footage.” The experts then recommended that the property be divided into two tracts of equal area, each having a front footage of 120 feet, the first to be comprised of Lots Nos, 9, 10, and 11, the second of Lots Nos. 12, 13, and 14, and that the litigants be made to draw lots in the event they could not agree on which tract would go to the plaintiff and which to the defendant, adding that “In the drawings we are of the opinion that whoever draws Tract No. 1 should pay a difference of $4,687.50 in ground value and $1,125, which represents one-half of the value of the improvements now
 
 bn
 
 Tract No. 1, or a total of $5,812.50, being a difference in value between Tract Nos. 1 and 2, each tract having frontage on Crockett Street of 120 feet, more or less.”
 

 The plaintiff first opposed this report on the ground that the experts, ignoring the judgment of the court ordering that the property be divided into two parcels of equal value, had divided it instead into two tracts of equal area. After this opposition was overruled and the clerk of court had fixed the date for the drawing, the plaintiff again opposed the report, this time on the ground that the division as made was contrary to the judgment of the court and for the further reason that the experts had erred in calculating the amount to be paid in equalizing the difference in the values of the two tracts. For these reasons, he refused to participate in the drawing. The defendant drew Tract .No. 2 and the Clerk of Court, drawing Tract No. 1 for the plaintiff, allotted it to him. The proces verbal of the clerk of court followed the recommendations of the experts, and the judgment of the court directed the plaintiff to pay to the defendant the sum of $5,812.50, $4,687.50 being the difference in the ground value of the two tracts, the remaining $1,125 being half the value of the improvements on Tract No. 1.
 

 The plaintiff, answering the rule filed against him by the defendant for the homologation of the partition, averred that the amount in money awarded the defendant should be reduced to $3,468.75 and that the parties should again be referred to the clerk to prepare a supplementary act of partition accordingly. His claim was rejected and the partition was homologated. It is from this judgment that he is appealing.
 

 Using the $75,000 appraisal value placed on the property by the experts and their estimate that the frontage of Lot No.
 
 9
 
 and half of the adjoining Lot No. 10, was worth 25 per cent more a front foot than the remaining frontage as a basis, a simple mathematical calculation will show that the experts erred when they recommended that the person drawing Tract No. 1 should pay to the one drawing the other tract the sum of $4,687.50 to equalize the value of the two tracts.
 

 It is the contention of counsel for the defendant, however, that this amount is not only in conformity with the recommendations of the two experts, but is also in accordance with the valuation placed on the property by them. Counsel point out
 
 *38
 
 that both of the experts were well acquainted with the property, having testified at the time testimony was adduced to ascertain the possibility of partitioning the property in kind, Mr. Neal on behalf of the plaintiff and Mr. Walker on behalf of the defendant.
 

 The report is, to say the least, very confusing. As hereinabove pointed out, the inequalities in the value of the two tracts as computed by the experts in their report do not coincide with the results of their mathematical calculation that the property is worth $75,000, or $312.50 for each of the 240 front feet, when they also estimate that 60 of these 240 feet are worth 25% more than the remaining 180.
 

 We have therefore concluded that justice will best be served by remanding the case to the lower court in order that the experts may definitely fix the value of each of the two tracts of land and compute the amount to be awarded the defendant, who drew the tract of lesser value.
 

 For the reasons assigned, it is ordered, adjudged, and decreed, that the judgment of the lower court be and the same is hereby set aside.
 

 It is further ordered, adjudged, and decreed, that the case be remanded .to the court below for the purpose of having the experts separately appraise each of the two tracts, and that the defendant be awarded an amount in money sufficient to equalize the values of the properties received by her and that received by the plaintiff, consistent with the views. hereinabove expressed and according to law. Costs of this appeal to be paid by the appellee. All other costs to await the final determination of the case.
 

 ROGERS, J., absent
 

 O’NIELL, C. J., concurs with reasons.