31 So.2d 167

WILLIAMS v. WILLIAMS.

No. 37435.

May 26, 1947.

Hunter & Hunter, of Shreveport, for defendant and appellant.

Bullock & Bullock, of Shreveport, for plaintiff and appellee.

PONDER, Justice.

The plaintiff, T. E. Williams, instituted partition proceedings against the defendant, Mrs. E. M. Williams, seeking to have divided in kind six lots on Crockett Street in the City of Shreveport. On trial of the cause the property was divided into two tracts, the first tract being comprised of

lots Nos. 9, 10 and 11, and the second tract being comprised of lots Nos. 12, 13 and 14. The plaintiff drew tract No. 1 and the defendant drew tract No. 2 The lower court gave judgment condemning the plaintiff to pay the defendant $5,812.50 to equalize the difference between the values of the portions allotted to each. The plaintiff appealed, and asked that the amount be reduced to $3,468.75. Upon hearing of the appeal, we found that the value of the tracts as computed by the experts did not coincide with the result of their calculations, and remanded the case for the purpose of having the experts separately appraise the two tracts of land and awarding to the defendant an amount in money sufficient to equalize the values of the property. See Williams v. Williams, 202 La. 33, 11 So.2d 228.

After the case was remanded, the lower court instructed the experts to appraise the tracts separately and fix their values. The experts having failed to agree, the lower court appointed another expert. After investigation, two of the experts appraised tract No. 1, with the improvements, at $41,955.60, and tract No. 2, having no improvements, at $35,294.40; the difference in value of the two tracts of land being $6,661.20. These experts were of the opinion that the plaintiff should pay to the defendant one-half of that amount, or $3,330.60.

The lower court adopted the appraisal of the third expert, Walker, which fixed the value of tract No. 1 at $44,437.50, and of tract No. 2 at $37,500.00, and awarded the defendant $3,468.75, one-half the difference in value of the two tracts. The defendant has appealed.

The defendant contends that the appraisals of the tracts were not made in conformity with the instructions of this Court when it remanded the case. The defendant takes the position that the tracts of land were not separately appraised, but that their values were arrived at by comparison.

It is unnecessary to go into the details as to the method used in arriving at the value of the tracts of land; it suffices to say that the tracts were separately appraised and separate values were fixed thereon.

The defendant contends that the lower court, having adopted Walker's appraisal of the tracts, should have followed the recommendations of this expert as to the amount of money to be awarded to the defendant. This expert computes the amount that should be awarded to the defendant as follows, viz.: Tract No. 1 should pay tract No. 2 the added value of 25% per front foot for the corner sixty feet, amounting to $4,678.50, plus $1,125.00 for one-half of the improvements, or a total of $5,812.50. The reason the lower court refused to follow Walker's computation of the amount to be paid to the defendant is because Walker was allowing not one-half of the amount of the difference in value, but the entire amount of the difference in value, as

to sixty feet of the property. It is to be seen that if Walker had allowed 12½% instead of the entire 25% in his calculations, the same conclusion would have been reached as was arrived at by the lower court in its judgment.

We do not think the lower court erred in arriving at its conclusion. The expert Walker fixed the values of the tracts, and by the simple method of subtraction the difference in values could be arrived at. In equalizing the values, one-half of this amount should be awarded to the defendant, which is what the lower court did in its judgment. In other words, for the partition to be equalized, each of the parties would have to receive a like value. Tract No. 1 is worth $44,437.51 and tract No. 2 is worth $37,500; and if the difference of $6,937.50 were awarded to the owner of tract No. 2, this amount, when added to $37,500, would have the effect of placing the inequality on the other party. However, if one-half of this amount is awarded to the defendant and is added to the value of her tract, the value she would receive would be $37,500 plus $3,468.75, or a total of $40,968.75. Substracting the amount the plaintiff has to pay, $3,468.75, from the value of his tract, $44,437.51, shows that the plaintiff is in effect receiving a value of $40,968.76, a like value to that which the defendant is receiving.

For the reasons assigned, the judgment is affirmed at appellant's cost.